FRANK R. PICKENS, Appellant, v. ROBERT FEHRENBACH et al., Respondents. WILLIAM J. PICKENS, an Infant, by ETHEL PICKENS, His Guardian ad Litem, Appellant, v. ROBERT FEHRENBACH et al., Respondents.— Motions granted and appeals dismissed, without costs.

R. & W. WILEY, INC., Respondent, v. MANHATTAN LIGHTING EQUIPMENT CO., INC., Appellant.— Motion granted and appeal dismissed, with $10 motion costs.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STANLEY STRAUCH, Appellant.— Motion granted and appeal dismissed.

## (May 22, 1957)

J. BRADFORD MILLET, Respondent-Appellant, v. MILLARD M. SLOCUM et al., Copartners Doing Business as SLOCUM-DICKSON CLINIC, Appellants-Respondents.— Case held, decision reserved, and matter remitted to the Special Term for further proceedings in accordance with the memorandum: Memorandum: We recognize that section 439 of the Civil Practice Act permits parties in a nonjury action to submit requests to find essential facts and that these are deemed to be refused if not embodied in the trial court's decision. In this action the court at the close of the trial fixed a date to submit findings and conclusions. This was timely done and the combined proposed findings of the respective parties cover 45 pages in the record. The lengthy decision of the court covers 55 printed pages. While under section 439 the proposed findings of both parties must be deemed refused if the facts are not incorporated in the decision, we believe that in a case such as this, where findings have not been waived, the trial court should pass upon the proposed findings of the respective parties. This conclusion is accentuated by the supplemental decision of the trial court from which it appears that the court was of the opinion that under section 439 it was not required to examine the parties' proposed findings. The cases cited are inapposite. The matter should be remitted to the Special Term to pass upon the proposed findings as submitted. All concur. (Cross appeals from a judgment of Oneida Equity Term adjudging that expulsion of plaintiff from the partnership was unwarranted and constituted a breach of contract which would deny equitable relief to defendants, and denying defendants' prayer for an injunction.) Present — McCurn, P. J., Vaughan, Kimball, Bastow and Goldman, JJ.

ESTHER McDOUGAL, as Executrix of FRANK S. WHITMORE, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 29670.) — Judgment reversed on the law and facts and a new trial granted, without costs of this appeal to either party. Memorandum: The claim against the State is for " (a) the permanent appropriation of land by the State of New York for the purposes of the Addison Flood Protection Project * * * and (b) for damage caused to claimant's store building located upon a portion of his property lying next adjacent to the portion of his land so appropriated ". The Court of Claims has made an award for $10,000 which sum it has found to represent the difference in value of claimant's land and building before and after the appropriation. We find it impossible to review adequately the judgment entered upon this award for the reason that the findings do not disclose the basis of the State's liability for damages to claimant's building, nor do they disclose what part of the damages awarded represent the value of the land appropriated, or what part represents damages, if any, to claimant's building. All concur. (Appeal from a judgment of the Court of Claims for claimant on a claim for damages for the alleged permanent appropriation of realty.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.